UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROSKAM BAKING COMPANY, a Michigan corporation; and ADVANCED FOOD TECHNOLOGIES, INC., a Michigan corporation,<br><br>Plaintiffs<br><br>v<br><br>HEARTHSIDE FOOD SOLUTIONS, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.  1:16-cv-979 |

## COMPLAINT

Plaintiffs Roskam Baking Company and Advanced Food Technologies, Inc. (collectively, *Roskam*), by counsel, file this complaint for declaratory relief and breach of contract against Defendant Hearthside Food Solutions, LLC (*HFS*) and state in support as follows.

## INTRODUCTION

1. This action arises out of a co-manufacturing agreement between the parties, under which HFS manufactured and packaged certain food products on behalf of Roskam. HFS has delivered non-conforming products to Roskam, including products that are overcooked, defectively packaged, and otherwise in an unsaleable condition. Roskam has incurred substantial expenses in connection with these non-conforming products and seeks relief in the form of a declaration of the parties' rights and obligations to one another, as well as money damages.

**PARTIES**

2. Plaintiff Roskam Baking Company is a Michigan corporation with its principal place of business in Grand Rapids, Michigan.

3. Plaintiff Advanced Food Technologies, Inc. is a Michigan corporation with its principal place of business in Grand Rapids, Michigan. Advanced Food Technologies is an affiliate of Roskam Baking Company.

4. Defendant HFS is a Delaware limited liability company with its principal place of business in Downers Grove, Illinois. Upon information and belief, the members of HFS are Goldman Sachs Group, Inc., a Delaware corporation with its principal place of business in New York, New York; and Vestar Capital Partners, Inc., a Delaware corporation with its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a):

   a. The parties to this action are citizens of different states, as more particularly set forth above; and,

   b. The amount in controversy, exclusive of interest and costs, exceeds $75,000, as more particularly set forth below.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because HFS has consented to personal jurisdiction within this District and because, upon information and belief, HFS conducts business within this District.

7. This Court has authority to award declaratory relief under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

**GENERAL ALLEGATIONS**

*The Parties' Co-Manufacturing Agreement*

8. Roskam is in the business of manufacturing, packaging, distributing, selling, and marketing of food products.

9. In 2009, Roskam and certain of its affiliates sold a portion of their food manufacturing business to HFS.

10. At the time of that sale, Roskam and HFS entered into a Co-Manufacturing Agreement dated April 9, 2009 (the *Agreement*), under which HFS would manufacture and package certain food products on behalf of Roskam as identified from time to time in various appendices to the Agreement.

11. The Agreement provides that it is to be governed and construed in accordance with the laws of the State of New York, including all matters of construction, validity, enforcement, and performance, without regarding to its conflict of law provisions.

12. Among other products, HFS manufactured granola products, croutons (including croutons packaged with the brand name and mark of "Rothbury Farms"), and various snack foods for Roskam, to be resold by Roskam to institutional food service providers or to other resellers, who in turn would sell the products to retail consumers.

13. Orders for such products would be initiated by the issuance of a purchase order in the name of Roskam Baking Company (for products intended for retail distribution) or Advanced Food Technologies, Inc. (for products intended for institutional or food service distribution) to HFS.

14. HFS was at all times familiar with the business of Roskam and intended use of the products sold and knew that Roskam would resell such products to its customers, including

customers who distributed such products to institutional or food service consumers, and customers who distributed such products to retail establishments for sale to consumers.

*HFS purchase of materials from Roskam*

15. In connection with the production of products under the Agreement and as otherwise needed to supply products to HFS customers, HFS purchased various materials from Roskam, including crouton seasoning and popcorn and nut products, among other items.

16. Such items were purchased by HFS from Roskam under standard purchase orders and invoices exchanged between the parties.

*Nonconforming Products*

17. The products to be manufactured by HFS under the Agreement were to be produced in accordance with specifications provided from time to time to HFS by Roskam or its customers.

18. HFS agreed to produce all products under the Agreement in conformance with the specifications and warranted that all products would "not be a Nonconforming Product." Agreement at § 12A.

19. HFS further agreed under the Agreement to maintain quality systems, which at a minimum were to include "current, effective, documented programs for food safety, sanitation and regulatory compliance." Agreement at § 4F.

20. HFS further agreed under the Agreement to indemnify Roskam and hold it harmless from and against, among other things, all losses, costs, or expenses arising out of any breach of HFS's warranties, representations or agreements under the Agreement. Agreement § 15A.

21. HFS breached its obligations under the Agreement in multiple ways, including, among other breaches: (i) delivery of oil-stained product cases; (ii) delivery of crushed or broken products; (iii) delivery of overcooked products; (iv) delivery of products with excess moisture

content; (v) delivery of products that were contaminated or otherwise manufactured in unsanitary conditions; and (vi) delivery of products with defective or out-of-specification packaging.

22. In all instances, Roskam duly notified HFS of such non-conformities and rejected or revoked any acceptance of such non-conforming products.

23. Roskam thereafter issued invoices to HFS corresponding to the expenses and losses incurred in connection with the non-conforming products, or Roskam otherwise itemized its out-of-pocket expenses and sought reimbursement from HFS.

24. Such out-of-pocket expenses included expenses reasonable and necessarily incurred by Roskam to restore good will and confidence with Roskam's customers and to otherwise satisfy claims against it by customers who received nonconforming products. Among other corrective actions, Roskam reasonably and necessarily destroyed and replaced nonconforming goods; conducted inspections of HFS facilities; and conducted X-RAY analysis of finished goods.

25. All such amounts incurred are permitted offsets to amounts otherwise owing from Roskam to HFS.

26. HFS disputes that it owes Roskam any amounts in connection with the non-conforming products, disputes that Roskam is entitled to offsets in any amount, refuses to indemnify Roskam under the Agreement, and has otherwise failed and refused to reimburse or provide credits to Roskam as to the amounts owed.

27. HFS has likewise failed to pay Roskam all amounts owed for materials delivered to HFS by Roskam.

28. The total offsetting amount in dispute owed to Roskam by HFS exceeds $900,000, not including interest, attorney fees, or costs of this action.

## COUNT I

*Declaratory Relief*

29. Roskam incorporates by reference the allegations of paragraphs 1 – 28 above as paragraph 29 of this Complaint.

30. In a case of actual controversy, this Court may declare the rights and other legal relations of an interested party seeking a declaratory judgment. 28 U.S.C. § 2201.

31. An actual controversy exists because HFS has failed and refused to recognize the amounts owed to Roskam under the Agreement as more particularly described above.

32. Roskam desires to settle its accounts with HFS and is entitled to a declaration that the amounts owed to it by HFS are offsets to any amounts owed by Roskam to HFS, and to a determination of the amount of such offsets.

## COUNT II

*Breach of Contract*

33. Roskam incorporates by reference the allegations of paragraphs 1 – 32 above as paragraph 33 of this Complaint.

34. Roskam and HFS have conducted business with each other under the terms of the Agreement, as well as under an exchange of purchase orders and invoices supplementary to the Agreement.

35. As more particularly set forth above, HFS has breached its obligations to Roskam by failing to maintain sanitary production facilities, failing to pay amounts owed to Roskam, failing to indemnify Roskam as agreed, and otherwise failing to reimburse or to give offsetting credits to Roskam for amounts owed by HFS.

36. Roskam has been injured as a direct and proximate result of HFS's breach of its obligations, including incidental and consequential damages incurred in restoring good will and confidence among Roskam's customers following HFS's delivery of nonconforming products.

37. Roskam is entitled to an award of damages to compensate it for the injuries sustained in an amount to be determined at trial.

## COUNT III

*Breach of Express Warranty*

38. Roskam incorporates by reference the allegations of paragraphs 1 – 37 above as paragraph 38 of this Complaint.

39. HFS expressly warranted to Roskam that the products manufactured and delivered under the Agreement would conform to the specifications.

40. Various products delivered to Roskam failed to conform to the specifications because, as described more fully above, the products were overcooked, contained excess moisture, were improperly packaged, were contaminated, or were otherwise out of compliance with the specifications.

41. Roskam has been injured as a direct and proximate result of HFS's breach of its obligations, including incidental and consequential damages incurred in restoring good will and confidence among Roskam's customers following HFS's delivery of nonconforming products, and Roskam may suffer future damages.

42. Roskam is entitled to an award of all damages proximately caused by HFS's breaches of warranty to compensate Roskam for its injuries in an amount to be determined at trial. N.Y. U.C.C. Law § 2-715 (McKinney).

## COUNT IV

*Breach of Implied Warranty*

43. Roskam incorporates by reference the allegations of paragraphs 1 – 42 above as paragraph 43 of this Complaint.

44. HFS is, and held itself out as, a merchant with respect to the products to be manufactured under the Agreement.

45. HFS impliedly warranted that the products would be fit for the ordinary purpose for which they are intended, acceptable in the trade, and of fair average quality. N.Y. U.C.C. Law §§ 2-314, 2-315 (McKinney).

46. The products did not conform to the implied warranties at the time of sale to Roskam due to the defects as more particularly set forth above.

47. The defects constituted a breach of the implied warranties.

48. Roskam has been injured as a direct and proximate result of HFS's breach of its obligations, including incidental and consequential damages incurred in restoring good will and confidence among Roskam's customers following HFS's delivery of nonconforming products, and Roskam may suffer future damages.

49. Roskam is entitled to an award of all damages proximately caused by HFS's breach of implied warranty to compensate Roskam for its injuries in an amount to be determined at trial. N.Y. U.C.C. Law § 2-715 (McKinney).

## **RELIEF REQUESTED**

WHEREFORE, Roskam requests a judgment in its favor and against HFS as follows:

a. Entering judgment in favor of Roskam and against HFS declaring the amounts owed to Roskam by HFS and further declaring that such amounts are to offset against any amounts owed to HFS by Roskam;

b. Entering judgment in favor of Roskam and against HFS in an amount to be determined at trial as to Roskam's past damages arising from HFS's breaches of contract;

c. Entering judgment in favor of Roskam and against HFS in an amount to be determined at trial as to Roskam's past damages arising from HFS's breaches of express and implied warranties;

d. Entering judgment in favor of Roskam and against HFS for any damages Roskam may suffer in the future as a result of HFS's breaches of contract;

e. Entering judgment in favor of Roskam and against HFS for any damages Roskam may suffer in the future as a result of HFS's breaches of express and implied warranties.

f. Awarding Roskam its costs and attorney fees in connection with this action;

g. Ordering that the Roskam have such other relief as this Court deems just and proper.

//

Respectfully submitted,

*/s/ Wayne C. Turner*
Wayne C. Turner
wturner@hooverhullturner.com
Alice M. Morical
amorical@hooverhullturner.com
HOOVER HULL TURNER LLP
111 Monument Circle, Suite 440
P.O. Box 44989
Indianapolis, IN 46244-0989
Telephone:  (317) 822-4400
Facsimile:  (3147) 822-0234

James R. Bruinsma (*pro hac vice* motion forthcoming)
jrb@msblaw.com
MCSHANE & BOWIE, P.L.C.
99 Monroe Avenue NW, Suite 1100
Grand Rapids, MI 49503
Telephone:  (616) 732-5000
Facsimile:  (616) 732-5099

#828415